**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVEN R. PRUITT,**

          **Plaintiff,**

**-vs-**                                                   **Case No.  6:12-cv-1038-Orl-28GJK**

**DOUGLAS COTE, DAVID MONTFORT,**
**and THE CITY OF ORLANDO, FLORIDA,**

          **Defendants.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss Count IX (Doc. 28) filed by the City of Orlando ("the City") and Plaintiff's Response (Doc. 32) thereto. As set forth below, the motion will be granted, but Plaintiff will be granted leave to amend.

In Count IX of the Revised Amended Complaint (Doc. 27), Plaintiff brings a claim against the City pursuant to 42 U.S.C. § 1983, alleging that the City acted with deliberate indifference in failing to train the police officers against whom Plaintiff's other claims are brought. The doctrine of respondeat superior does not apply in actions under § 1983, and a municipality may only be held liable when the injury caused was a result of municipal policy or custom. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). Moreover, "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). "To establish a [municipality]'s deliberate indifference, 'a plaintiff must [ultimately] present some

evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'" Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)).

Plaintiff's allegations in Count IX are somewhat confusing. He asserts in part that the officers did not follow City policies about taser and baton use, (Doc. 27 ¶ 67), and he also alleges that the City "failed to counsel or discipline" the officers for their treatment of Plaintiff during the events that gave rise to this case, (id. ¶¶ 69, 71-72). These allegations do not support a claim against the City. The fact that the officers did not follow policy cuts against Plaintiff's claim against the City, and the City's after-the-fact failure to discipline for the events at issue is irrelevant to whether a city policy or custom caused the underlying constitutional violations alleged.

Although Plaintiff does make some other allegations regarding prior incidents involving the subject officers, those allegations do not suffice to state a claim either. The facts set forth in Plaintiff's Revised Amended Complaint do not plausibly support a finding that the City knew of a need to train in a particular area but made a deliberate choice not to do so. Nevertheless, Plaintiff has requested permission to amend his pleading, and because the Court cannot conclude that it is not possible for Plaintiff to sufficiently plead a municipal policy claim, Plaintiff will be afforded an opportunity to amend.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss Count IX of Plaintiff's Revised Amended Complaint (Doc. 28) is **GRANTED**.

    2.  Count IX of the Revised Amended Complaint (Doc. 27) is **DISMISSED without prejudice**.

    3.  Plaintiff may file a Second Amended Complaint repleading Count IX **on or before Friday, January 4, 2013**.  Failure to file a Second Amended Complaint by this deadline will result in dismissal of Count IX with prejudice.

**DONE** and **ORDERED** in Orlando, Florida this 13th day of December, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party