**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVEN R. PRUITT,**

        **Plaintiff,**

**-vs-**                                **Case No. 6:12-cv-1038-Orl-28GJK**

**DOUGLAS COTE, DAVID MONTFORT,**
**and THE CITY OF ORLANDO, FLORIDA,**

        **Defendants.**
_____

## ORDER

This cause is before the Court on the City of Orlando's Motion to Dismiss Count IX of Plaintiff's Third Amended Complaint (Doc. 38) and Plaintiff's Response (Doc. 43) thereto. As set forth below, the motion will be granted.

Count IX is a municipal policy claim against the City pursuant to 42 U.S.C. § 1983. On December 13, 2012, the Court granted the City's previous motion to dismiss Count IX, agreeing with the City that Plaintiff had not alleged facts supporting a municipal policy claim. (Order, Doc. 35). The Court granted Plaintiff leave to replead this claim, and Plaintiff has now filed a Third Amended Complaint (Doc. 36) that includes a repleaded Count IX. The City again moves to dismiss, and the Court again agrees with the City that no viable

municipal policy claim is stated in Count IX.

As noted in the prior Order, the doctrine of respondeat superior does not apply in actions under § 1983, and a municipality may only be held liable when the injury caused was a result of municipal policy or custom. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). Moreover, "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). "To establish a [municipality]'s deliberate indifference, 'a plaintiff must [ultimately] present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'" Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)).

The facts set forth in amended Count IX do not plausibly support a finding that the City knew of a need to train in a particular area but made a deliberate choice not to do so. Plaintiff alleges that the City previously investigated incidents involving the police officers involved in this case and that the conclusion of those investigations was that the officers acted in accordance with policy and did not use excessive force. These allegations do not state a municipal liability claim under § 1983. Furthermore, Plaintiff's allegations as to the City's investigation of the incident at issue here cannot support a municipal liability claim either because the element of causation cannot be satisfied by after-the-fact events.

Accordingly, it is **ORDERED** and **ADJUDGED** that the City of Orlando's Motion to Dismiss Count IX of Plaintiff's Third Amended Complaint (Doc. 38) is **GRANTED**. Count IX

of the Third Amended Complaint (Doc. 36) is **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Orlando, Florida this 5th day of April, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record